IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| Diana Silvas | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:17-CV-61 |
| | ) | |
| DNF Associates, LLC | ) | Jury Trial Demanded |
| | ) | |
| Defendant. | ) | |
| | ) | |

COMPLAINT

INTRODUCTION

1. This is an action for damages against the Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 et seq.

JURISDICTION

2. Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1331 (federal question jurisdiction).

3. This action arises out of violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 et seq. (hereafter referred to as "FDCPA"), by Defendant in its illegal efforts to collect a consumer debt.

4. Venue is proper in this District because the acts and transactions occurred here, Defendant(s) transact business here and Plaintiff resides here.

1

## PARTIES AND PERSONAL JURISDICTION

5. The Plaintiff incorporates the allegations set forth in Paragraphs 1 through 4 above as if set forth fully herein.

6. Plaintiff, Diana Silvas(hereafter referred to as "Plaintiff" and/or "Ms. Silvas"), is a resident of this State, District and Division who is authorized by law to bring this action.

7. Defendant DNF Associates, LLC (hereafter referred to as "Defendant" and/or "DNF" and/or "Defendant DNF") is a "debt collector" as defined by 15 U.S.C. §1692a(6), and a foreign limited liability company, organized in Delaware, with its principal office located at 352 Sonwil Drive, Cheektowaga, New York 14225-5520 and maintains National Corporate Research, LTD, Inc., 992 Davidson Drive, Suite B, Nashville, Tennessee 37205-1051, as its registered agent for service of process.

8. Other defendants may be discovered in the course of litigation, and Ms. Silvasrespectfully prays that the Court will permit the addition of later discovered parties upon motion.

## FACTUAL ALLEGATIONS

9. Ms. Silvasincorporates the allegations set forth in Paragraphs 1 through 8 above as if set forth fully herein.

10. Sometime prior to 2007, Ms. Silvasincurred a consumer debt with HSBC Retail Services/HSBC Bank Nevada, N.A./BestBuy, reflecting an account number ending 4233.

11. Prior to March 2011, Ms. Silvas's account was consigned, assigned or otherwise claimed to be transferred to First Financial Asset Management, Inc. (hereafter referred to as "FFAM") for collection from Ms. Silvas. FFAM sent collection correspondence to Ms. Silvas

2

dated March 7, 2011.

12. The March 7, 2011 collection letter sent to Ms. Silvas from FFAM was an attempt to collect a debt from Ms. Silvas and stated, *inter alia*: (a) HSBC Bank Nevada is the client of FFAM; (b) the last four digits of the client reference number were 4233; and (c) the balance due as of the date of the collection correspondence was $2,674.12. A copy of the March 7, 2011 collection correspondence is attached hereto as Exhibit A and incorporated herein by reference.

13. Shortly thereafter, Ms. Silvas received a collection correspondence from a different company attempting to collect the same debt. Ms. Silvas received a collection correspondence dated June 30, 2011 from Frontier Financial Group (hereafter referred to as "FFG") attempting to collect the same account referenced in Paragraphs 11-12 *supra*.

14. The June 30, 2011 collection letter sent to Ms. Silvas from FFG was an attempt to collect a debt from Ms. Silvas and stated, *inter alia*: (a) the original creditor was HSBC; (b) the current creditor was Skutr Financial; (c) the last four digits of the original account number were 4233; (d) identification number 1143575; and (e) the balance due as of the date of the collection correspondence was $3,512.56. A copy of the June 30, 2011 collection correspondence is attached hereto as Exhibit B and incorporated herein by reference.

15. In the same year, Ms. Silvas received collection correspondence from another entity attempting to collect the same account referenced above which claims to be another assignee of the original creditor with a different amount.

16. Ms. Silvas received a collection correspondence dated November 23, 2011 from Powell Law Office, PC (hereafter referred to as "PLO") attempting to collect the same account referenced above.

17. The November 23, 2011 collection correspondence sent to Ms. Silvas from PLO

was an attempt to collect a debt from Ms. Silvas and stated, *inter alia*: (a) the current creditor wasLighthouse Recovery Associates; (b) the original creditor was HSBC Best Buy Company, Inc.; (c) the original account number was 1143575;[1] and (d) the balance due as of the date of the collection correspondence was $4,000.95. A copy of the November 23, 2011 collection correspondence is attached hereto as Exhibit C and incorporated herein by reference.

18. Sometime thereafter, the collection account owed to HSBC by Ms. Silvas was assigned or otherwise transferred to Defendant DNF.

19. Prior to November 2016, Defendant DNFretained lawyers John M. Richardson, Jr. and Ronald Miller to further collect on said account.

20. Acting at the directive of its client, lawyers John M. Richardson, Jr. and Ronald Miller filed civil litigation on behalf of DNF against Ms. Silvas in Knox County General Sessions Court. The Civil Summons and Civil Warrant (hereafter referred to as "Civil Warrant") isattached hereto as Exhibit D and incorporated herein by reference.

21. The Civil Warrant was issued against Ms. Silvas on November 18, 2016. See Exhibit D.

22. The Civil Warrant asserted Ms. Silvas is indebted to DNF in the total amount of $3,054.40; specifically, the Civil Warrant states:

> DNF ASSOCIATES, LLC the current owner or servicer of the original creditor Best Buy Co, Inc., Best Buy Co., Inc. for breach of contract/account on account number 7021270240754233, 7021270240754233, , , [sic]in the amount of $3,054.40 in principal charges + statutory interest + reasonable attorney fees + discretionary costs + costs.

See Exhibit D.

23. Also attached to the Civil Warrant was a document entitled Affidavit (hereafter

---

[1] This is the same number as the identification number in the FFG collection correspondence dated June 30, 2011.

referred to as "Affidavit"). A copy of the Affidavit is attached hereto as Exhibit E and incorporated herein by reference.

24. The Affiant to the Affidavit, Larry Schiau, asserts to be a managing partner of DNF Associates, LLC, assignee of Best Buy Co., Inc.

25. Larry Schiau goes on to assert that:

- I further state that the claim and cause of action of the aforesaid entity against Diana Silvas, Account No. XXXXXXXXXXXX4233. [sic] is in the sum of $3,054.40 (compromised of purchases, late payment fees, over limit fees, membership fees and/or other fees/charges at charge off) plus $.00 (post charge off).
- I further state that the records of this account are maintained in the normal course of business, I have access to the records, and that the amount of the claim is just and true to the best of my knowledge, and that all just and lawful offsets, payments and credits have been allowed.

See Exhibit E.

26. Larry Schiausigned the affidavit on July 13, 2016. See Exhibit E.

27. Ms. Silvas neither made any payment(s) on the account at issue nor did she make an attempt to validate said account within the applicable statute of limitations.

28. The last payment made by Ms. Silvas on the account at issue was prior to November 18, 2010.

29. As such, Diana Silvas, through the assistance of counsel, filed a Sworn Denial in the state court action on December 14, 2016, asserting she was not indebted to DNF Associates, LLC, regarding the debt sought in the state court action and that no payments have been made on the account at issue within the applicable statute of limitations. A copy of the Sworn Denial is attached hereto as Exhibit F and incorporated herein by reference.

30. Thereafter, DNF requested the Civil Warrant be dismissed without prejudice which was entered on January 19, 2017.A copy of the dismissal is attached hereto as Exhibit G and incorporated herein by reference.

5

## FIRST VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT: COLLECTING OR ATTEMPTING TO COLLECT AMOUNTS NOT PERMITTED BY LAW AND BY OTHERWISE USING UNFAIR AND UNCONSCIONABLE METHODS BY FILING SUIT FOR A DEBT BARRED BY THE STATUTE OF LIMITATIONS

31. The allegations of Paragraphs 1 through 30 above are re-alleged and incorporated herein by reference.

32. The foregoing acts and omissions by the Defendant constitute violations of the FDCPA, which include, but are not limited to, violation of 15 U.S.C. §1692f(1) by Defendant in collecting or attempting to collect amounts not permitted by law and by otherwise using unfair and unconscionable methods.

33. Defendant knew, or should have known, at the time of filing suit in Knox County General Sessions Court, docket number 84645H, that the claim sought was time-barred.

34. Tennessee Code Annotated §28-3-109(a) states an action shall be commenced within six (6) years after the cause of action accrued pertaining to an open-ended contract such as the account at issue here.

35. The last payment made by Ms. Silvas on the account in question was more than six years prior to issuance of the Civil Warrant.

36. Further, Ms. Silvas has neither attempted to validate the debt at issue nor has she taken any other action to toll the applicable statute of limitations.

37. Consequently, the alleged debt is time barred pursuant to Tennessee Code Annotated §28-3-109.

38. Defendant willfully or negligently failed to make a reasonable investigation as to the date when the alleged debt went into default prior to filing its suit, or alternatively, knew the

6

debt at issue to be non-collectable and completely disregarded the law by intentionally filing suit on a fraudulent claim.

39. As such, Defendant was attempting to collect amounts not permitted by law in addition to using unfair and unconscionable methods.

40. 15 U.S.C. §1692f(1) of the FDCPA explicitly prohibits the use of such practices.

41. Ms. Silvasis therefore entitled to an award of statutory damages and legal fees pursuant to 11 U.S.C. §1692k.

## SECOND VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT MAKING FALSE, MISLEADING REPRESENTATIONS IN COMMUNICATIONS IN THE CHARACTER, AMOUNT OR LEGAL STATUS OF THE DEBT BY FILING SUIT ON A DEBT BARRED BY THE STATUTE OF LIMITATIONS

42. The allegations of Paragraphs 1 through 41 above are re-alleged and incorporated herein by reference.

43. The foregoing acts and omissions by the Defendant constitute violations of the FDCPA, which include, but are not limited violation of 15 U.S.C. §1692e(2) by Defendant in making false, misleading representations in communications in the character, amount or legal status of the debt.

44. Notwithstanding the First Cause of Action stated herein, Defendant was again in violation of the FDCPA pursuant to 15 U.S.C. §1692e(2) regarding the attempt to collect a debt in the filing of suit that, in its entirety, made blatantly false and misleading representations regarding the character amount and/or legal status of the debt in question when it knew, or should have known the debt to be uncollectable.

45. Defendant was attempting to collect amounts to which it has no basis.

46. The purpose behind the enactment of the FDCPA is to prevent such abuses.

47. Defendantis intentionally false, deceptive and misleading in representing an amount to which it was not entitled to collect.

48. Ms. Silvas is therefore entitled to an award of statutory damages and legal fees pursuant to 11 U.S.C. § 1692k.

### THIRD VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT: USE OF SWORN AFFIDAVIT THAT CONTAINED FALSE, DECEPTIVE, AND MISLEADING STATEMENTS IN CONNECTION WITH COLLECTION OF THE ALLEGED DEBT

49. Ms. Silvas incorporates the allegations set forth in Paragraphs 1 through 48 above as if set forth fully herein.

50. An affidavit filed in support of a civil summons on a sworn account in Tennessee is filed to attest to the correctness of the amount owed. See Tenn. Code Ann. §24-5-107(a).

51. Larry Schiau (hereafter referred to as "Mr. Schiau"), who claims to be a managing partner for DNF Associates, LLC authored the Affidavit dated July 13, 2016 in support of the Civil Warrant, docket number 84645H, swore under oath in the Affidavit to the following statements:

- I further state that the claim and cause of action of the aforesaid entity against Diana Silvas, Account No. XXXXXXXXXXXX4233. [sic] is in the sum of $ 3,054.40 (compromised of purchases, late payment fees, over limit fees, membership fees and/or other fees/charges at charge off) plus $.00 (post charge off).
- I further state that the records of this account are maintained in the normal course of business, I have access to the records, and that the amount of the claim is just and true to the best of my knowledge, and that all just and lawful offsets, payments and credits have been allowed.

See Exhibit E.

52. Prior to signing the Affidavit under penalty of perjury, Mr.Schiaudid not review records as to whether Ms. Silvas allegedly owed the debt and the amount was correct, because

DNF continued to follow its business model of not obtaining records of the originator of the debt that would have allowed Mr. Schiauto do so. Had Mr. Schiaureviewed the records, he would have seen the debt at issue had been time barred by the applicable statute of limitations.

53. Without records of the original creditor as well as intermediate third party debt buyers/assignees of the debt available for Mr. Schiauto review prior to signing the Affidavit, under penalty of perjury, to determine if the amount allegedly owed by Ms. Silvas was correct, as required by Tennessee state law for a sworn account, it was impossible for Mr. Schiauto truthfully make a sworn affidavit as to the correctness of the amount owed, if any.

54. Form affidavits, such as the one filed in the lawsuit against Ms. Silvas, are generated automatically by a computer owned by Defendant upon request and routinely provided to Mr. Schiauand other employees and/or agents of Defendant who engage in robo-signing hundreds of affidavits without the information or ability to make a sworn affidavit as to the correctness of the amount owed by consumers, within the requirements of Tennessee state law.

55. The form affidavits are attached to and filed with the civil summons by debt collection attorneys.

56. The intentional use by Defendant of the form affidavit in Ms. Silvas'collection lawsuit that contains representations that are obviously fraudulent, and in violation of state law, is the use of false, deceptive, and misleading representations or means in connection with collection of the debt to collect, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and the use of unfair and unconscionable means to collect or attempt to collect the debt in violation of 15 U.S.C. § 1692f.

57. The statements made by Mr. Schiauin the sworn Affidavitwere simply the regurgitation by Mr. Schiauof language from the Tennessee Rules of Evidence, in an intentional

9

Case 3:17-cv-00061-TRM-CCS   Document 1   Filed 02/21/17   Page 9 of 16   PageID #: 9

attempt to mislead the State court and Ms. Silvas into believing that Mr. Schiau was someone who had personal knowledge of relevant information of debt allegedly owed by Ms. Silvas and that Ms. Silvas, in fact, owed the debt, when it was not possible for Mr. Schiau to have such personal knowledge.

58. Defendant intentionally uses virtually identical form affidavits in the collection lawsuits filed against Tennessee consumers, alleging facts not in possession of Defendant and to which its agents are not qualified to sign under oath due to their lack of information.

59. Defendant filed the collection lawsuit against Ms. Silvas in an attempt to collect the debt knowingly using Mr. Schiau's sworn Affidavit that contained the false, deceptive and misleading language as the only evidentiary basis to support its claims.

60. Mr. Schiau's demands in the sworn Affidavit for amounts not expressly authorized by the agreement creating the debt or permitted by law, without knowledge of whether a written contract existed, were false, deceptive and misleading misrepresentations made without the information or ability to make a sworn affidavit as to the correctness of the status of the account, as required by Tennessee law, in violation of 15 U.S.C. § 1692e(2)(A), the use of a false, deceptive, and misleading representations or means in connection with collection of the debt or attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10), and the use of unfair or unconscionable means to collect or attempt to collect the debt, in violation of 15 U.S.C. § 1692f.

61. By filing the collection lawsuit against Ms. Silvas: (1) after making business decisions to intentionally not obtain competent evidence (2) prior to reasonably and adequately investigating whether Ms. Silvas owed the debt DNF was attempting to collect (3) while using a sworn affidavit signed by Mr. Schiau who does not possess the information or ability to make a

sworn affidavit as to the correctness of the amount owed, as required under Tennessee state law for sworn accounts, that knowingly contains false, deceptive, and misleading statements in the course of litigation and under penalty of perjury, in order to increase their respective financial bottom lines, DNFviolated 15 U.S.C. § 1692e(5), and the threat to take any action that cannot legally be taken is the use of a false, misleading and deceptive representations or means to collect or attempt to collect the debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10).

62. By filing the collection lawsuit against Ms. Silvasin an attempt to collect the debt with the use of an affidavit that knowingly contains false, deceptive and misleading misrepresentations made byMr. Schiau, who alleged facts not in his possession and in violation of Tennessee state law, DNF used false, deceptive, and misleading representations or means in connection with collection of the debt that would create a false impression in the mind of the least sophisticated consumer that DNFhad the legal right to attempt to collect the debt in the manner in which they attempted to collect it, in violation of 15 U.S.C. §§ 1692e, 1692e(5), and 1692e(10).

63. By using false, deceptive, and misleading representations or means in connection with collection of the debt by filing the sworn Affidavit that included the knowingly false, deceptive, and misleading statements, DNF and its agents communicated credit information to the State court, the general public, and Ms. Silvas, which is known or should be known to be false, in violation of 15 U.S.C. § 1692e(8).

64. By attempting to collect amounts in the sworn Affidavit not expressly authorized by the agreement creating the debt or permitted by law, DNFviolated 15 U.S.C. § 1692f(1).

65. The statement in the Affidavit that Ms. Silvasowed $3,054.40 after DNFintentionally chose not to obtain or to have Mr. Schiaureview a copy of the written contract

11

signed by Ms. Silvasor other evidence as to the amount of debt allegedly owed by Ms. Silvasor the fact that Ms. Silvasowed the debt at all, prior to execution of the sworn Affidavit, was the use of deceptive and misleading representations or means in connection with collection of the debt that would create a false impression in the mind of the least sophisticated consumer that DNF had attempted to correctly calculate the amount owed based on the terms of the contract Ms. Silvasallegedly had with the original creditor prior to filing the Affidavit, when Defendant had intentionally made no effort to do so, in violation of 15 U.S.C. §§ 1692e, 1692e(5), and 1692e(10).

66. Defendant has never been able to provide documentation as to the actual contractual rate of interest or fees.

67. Defendant'suse of any false, deceptive, or misleading representations or means in connection with the collection of any debt is a violation of 15 U.S.C. § 1692e.

68. Defendant'suse of false, deceptive, or misleading representations in connection with the character, amount, or legal status of the alleged debt, is a violation of 15 U.S.C. §1692e(2).

69. As such, Defendant was utilizing collection efforts which were false, deceptive and misleading representations that would be confusing to the least sophisticated consumer that the debt was actually owed, and a threat to take any action that cannot be legally taken by attempting to collect which was previously adjudicated and therefore not permitted by law, in violation of multiple provisions of the FDCPA including, but not limited to 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10), 1692f and 1692f(1).

70. As a result of Defendant'sactions, Ms. Silvasis entitled to an award of actual damages, statutory damages, as well as an award of costs and attorney fees.

## FOURTH VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT: COLLECTING OR ATTEMPTING TO COLLECT AMOUNTS NOT PERMITTED BY LAW AND BY OTHERWISE USING UNFAIR AND UNCONSCIONABLE METHODS BY ATTEMPTING TO COLLECT ATTORNEY FEES WHEN DEFENDANT DID NOT HAVE BASIS TO DO SO

71. The allegations of Paragraphs 1 through 70 above are re-alleged and incorporated herein by reference.

72. The foregoing acts and omissions by the Defendant constitute violations of the FDCPA, which include, but are not limited to, violation of 15 U.S.C. §1692f(1) by Defendant in collecting or attempting to collect amounts not permitted by law and by otherwise using unfair and unconscionable methods.

73. In addition, the foregoing acts and omissions by the Defendant constitute violations of the FDCPA, which include, but are not limited violation of 15 U.S.C. §1692e(2) by Defendant in making false, misleading representations in communications in the character, amount or legal status of the debt.

74. In DNF's Civil Warrant, it sought reasonable attorney fees. See Exhibit D.

75. It has long been held that Tennessee litigants are responsible for their own attorney fees unless there is a statute or contractual provision stating otherwise. *State v. Brown & Williamson Tobacco Corp.*, 18 S.W.3d 186, 194 (Tenn. 2000).

76. Here, DNF did not possess contractual documentation such as the promissory note that would allow for attorney fees sought in the Civil Warrant.

77. Further, there is no applicable statute that would allow DNF to seek said attorney fees.

78. Consequently, Defendant was attempting to collect amounts not permitted by law in addition to using unfair and unconscionable methods.

79. Defendant was attempting to collect amounts to which it has no basis.

80. Defendantis intentionally false, deceptive and misleading in representing an amount to which it was not entitled to collect.

81. The purpose behind the enactment of the FDCPA is to prevent such abuses.

82. Ms. Silvasis therefore entitled to an award of statutory damages and legal fees pursuant to 11 U.S.C. §1692k.

Respondeat Superior Liability

83. The allegations of Paragraphs 1 through 82 above are re-alleged and incorporated herein by reference.

84. The acts and omissions of Defendant DNF, and the other debt collectors employed as agents by Defendant who attempted to collect the debt referenced above against Ms. Silvas as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant DNF.

85. The acts and omissions by debt collectors employed as agents by Defendant DNFwere incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant DNFin collecting consumer debts.

86. By committing these acts and omissions against Ms. Silvas, the debt collectors and other individuals employed as agents by Defendant DNF were motivated to benefit their principal, Defendant DNF.

87. Defendant DNF is therefore liable to Ms. Silvasthrough the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in

14

violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Tennessee law, in their attempts to collect this debt from Ms. Silvas.

## TRIAL BY JURY

88. Ms. Silvasincorporates the allegations set forth in Paragraphs 1 through 87 above as if set forth fully herein.

89. Ms. Silvasis entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed.R.Civ.P. 38.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT JUDGMENT BE ENTERED AGAINST DEFENDANT(S) AND IN FAVOR OF PLAINTIFF AS FOLLOWS:

a) That Plaintiff be awarded actual damages pursuant to 15 U.S.C. §1692k(a)(1) in an amount to be determined at a trial by a jury;

b) That Plaintiff be awarded statutory damages pursuant to 15 U.S.C. §1692k(a)(2);

c) That Plaintiff be awarded the costs of litigation including a reasonable attorney fee pursuant to 15 U.S.C. §1692k(a)(3);

d) That the Court declare all defenses raised by Defendant(s) to be insufficient; and

e) That the Court grant such further and additional relief as is just in the circumstances.

Respectfully submitted this the 21st day of February, 2017.

DIANA SILVAS

BY:     /s/ Brent Travis Strunk_____
                                                    Brent Travis Strunk (BPR 023050)
                                                    Attorney for Plaintiff

Brackett and Strunk, PLLC
1104 Merchants Drive, Suite 101
Knoxville, TN 37912
865-688-0868
(f) 865-688-2950
consumerbk@comcast.net